# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF LOUISIANA
# SHREVEPORT DIVISION

| | |
|---|---|
| **MARK SHARP** | **CIVIL ACTION NO. 15-1646-P** |
| **VERSUS** | **JUDGE HICKS** |
| **JERRY GOODWIN, ET AL.** | **MAGISTRATE JUDGE HORNSBY** |

## REPORT AND RECOMMENDATION

In accordance with the standing order of this Court, this matter was referred to the undersigned Magistrate Judge for review, report and recommendation.

## STATEMENT OF CLAIM

Before the court is a civil rights complaint filed in forma pauperis by pro se plaintiff Mark Sharp ("Plaintiff"), pursuant to 42 U.S.C. § 1983. This complaint was received and filed in this court on May 6, 2015. Plaintiff is currently incarcerated at the FCI-Coleman Low in Coleman, Florida, but complains that his civil rights were violated by prison officials while incarcerated at the David Wade Correctional Center in Homer, Louisiana. He names Jerry Goodwin and Dr. Jude Moore as defendants.

On September 20, 2016, this court ordered Plaintiff to furnish the Clerk with a copy of his complaint, one USM 285 form, and two completed summonses for each Defendant for service [Doc. 10]. However, that Memorandum Order was returned to this court on September 29, 2016, by the United States Postal Service marked "RTS - Federal Custody"

[Doc. 11]. Plaintiff's address was updated on October 24, 2016 and the Clerk of Court sent a copy of the September 20, 2016 Memorandum Order to Plaintiff at his updated address [Doc. 13]. To date, Plaintiff has not complied with the Memorandum Order.

Accordingly;

**IT IS RECOMMENDED** that this complaint be **DISMISSED WITHOUT PREJUDICE**, sua sponte, for failure to prosecute, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure as interpreted by the Court and under the Court's inherent power to control its own docket. See Link v. Wabash Railroad Company, 370 U.S. 626, 82 S.Ct. 1386 (1962); Rogers v. Kroger Company, 669 F.2d 317, 320-321 (5th Cir. 1983).

### OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking, on appeal, the

proposed factual findings and legal conclusions that were accepted by the district court and that were not objected to by the aforementioned party. See <u>Douglas v. U.S.A.A.</u>, 79 F.3d 1415 (5th Cir. 1996) (en banc).

**THUS DONE AND SIGNED**, in chambers, in Shreveport, Louisiana, on this 8th day of March 2017.

Mark L. Hornsby
U.S. Magistrate Judge